United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40550
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS RAY VELA-SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-948-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Ray Vela-Salinas (Vela) appeals the 84-month sentence he received following his guilty-plea conviction for unlawful reentry of a deported alien. For the first time on appeal, Vela argues, pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentencing enhancements, and are unconstitutional. He concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 224 (1998), but raises it for possible review by the Supreme Court.

Vela also argues that if the Supreme Court determines that Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the United States Sentencing Guidelines, the district court could not enhance his sentence based on facts not admitted or found by a jury. As he concedes, any argument based on Blakely is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)(No. 04-5263).

AFFIRMED.